IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT SCHNEIDER,

    Plaintiff,                      No. CIV S-12-0269 DAD P

   vs.

MATTHEW CATE,

    Defendant.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).[1]

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] Plaintiff previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Doc. No. 4.)

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

2

1  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
2  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
3  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
4  omits to perform an act which he is legally required to do that causes the deprivation of which
5  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
6           Moreover, supervisory personnel are generally not liable under § 1983 for the
7  actions of their employees under a theory of respondeat superior and, therefore, when a named
8  defendant holds a supervisorial position, the causal link between him and the claimed
9  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
10 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
11 allegations concerning the involvement of official personnel in civil rights violations are not
12 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

14           In the present case, plaintiff has identified Matthew Cate as the sole defendant.  In
15 his complaint, plaintiff complains about the California Board of Parole Hearings ("Board")
16 denying him parole in 2010.  Plaintiff claims that the Board's ten-year denial of parole at that
17 time violates his Eighth Amendment right to be free from cruel and unusual punishment.
18 Plaintiff also claims that he has been unlawfully incarcerated for the past 39 years because he is
19 actually innocent of the crime for which he was convicted.  (Compl. at 5.)

**DISCUSSION**

21           A civil rights action is the proper mechanism for a prisoner seeking to challenge
22 the conditions of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  In contrast,
23 habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact
24 or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Based on
25 plaintiff's allegations, the court cannot allow him to proceed in this civil rights action.  See
26 Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred

(absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); Heck v. Humphrey, 512 U.S. 477 (1994) (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Specifically, plaintiff's primary complaints are that the Board violated his constitutional rights by denying him parole for ten years and that he is actually innocent of any crime for which he was convicted. Plaintiff's allegations, if proven, would necessarily implicate the validity of his custody status with respect to parole eligibility as well as his conviction and sentence. Accordingly, a writ of habeas corpus is the sole remedy by which plaintiff may attack the Board's parole decision(s) and/or his underlying conviction. Moreover, plaintiff may pursue that habeas remedy only after he has exhausted all of his constitutional claims by fairly presenting them to the highest state court.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 5) is denied; and
2. This action is dismissed without prejudice.

DATED: March 27, 2012.

/s/ Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
schn0269.56